IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| KATHLEEN MUSGROVE individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>-vs-<br><br>1) MIDLAND FUNDING, LLC;<br><br>2) LOVE, BEAL & NIXON, P.C.;<br><br>3) James Perry and Any and All Unnamed Employees, Representatives and/or Agents of LOVE, BEAL & NIXON, P.C., Who Dealt with Plaintiff Kathleen Musgrove;<br><br>4) MIDLAND CREDIT MANAGEMENT, INC;<br><br>5) ENCORE CAPITAL GROUP, INC.,<br><br>Defendants. | No. |

COMPLAINT - CLASS ACTION

MATTERS COMMON TO MULTIPLE CLAIMS

### INTRODUCTION

1) Kathleen Musgrove, Plaintiff, brings this action to secure redress from unlawful credit and collection practices engaged in by Defendant Midland Funding, LLC, ("MIDLAND") and its attorneys, Love, Beal & Nixon, P.C.  Plaintiff alleges violation of the Fair Debt Collection Practices Act, 15 U.S.C. §1692, et seq. ("FDCPA") and state law.

-1-

2) The FDCPA broadly prohibits unfair or unconscionable collection methods and conduct which harasses, oppresses or abuses any debtor. It also requires debt collectors to give debtors certain information. 15 U.S.C. §§1692(d), 1692(e), 1692(f)

3) Specifically, Plaintiff alleges that Defendant Midland Funding, LLC, systematically engages in filing lawsuits on time-barred debts which it purchases for a few cents on the dollar.

## VENUE AND JURISDICTION

4) This Court has jurisdiction under 15 U.S.C. 1692(k) (FDCPA), 28 U.S.C. §1331 (general federal question), 28 U.S.C. 1332 (d) (special class action provision), 28 U.S.C. §1337 (interstate commerce) and 28 U.S.C. §1367 (supplemental jurisdiction). The amount in controversy, on a classwide basis, exceeds $1 million.

5) Venue and personal jurisdiction in this District are proper because (a) Defendants' collection communications and activities impacted Plaintiff within this District, and (b) Defendants do business within this District.

## PARTIES

6) Plaintiff is an individual who resides in the Western District of Oklahoma and is a citizen and domiciliary of Oklahoma.

7) Defendant Midland Funding, is a "debt collector" as defined by the Fair Debt Collections Practice Act, 15 U.S.C. §1692a(6).

8) Defendant Midland Funding, LLC, is a debt collection firm engaged in the business of debt collection. Midland Funding LLC's principal purpose is the collection of debts using the mails and telephone, and it regularly attempts to collect debts alleged to

be due another. Midland Funding, LLC, is in the business of taking title to charged-off debts allegedly owed by consumers, including large amounts of credit card debts, for a small fraction of face value and enforcing the debts against the consumers. Midland Funding, LLC, has a pattern of filing suits that cannot be proven and refusing to provide any documentation to support its claims.

9) Defendant Love, Beal & Nixon, P.C., is a law firm organized as a professional corporation with offices at 6621 N. Meridian Avenue, Oklahoma City, Oklahoma 73123.

10) Defendant Love, Beal & Nixon, P.C.'s practice consists primarily of the collection from consumers of debts allegedly owed to others, through use of the mails, telephones and legal proceedings.

11) Defendant Love, Beal & Nixon, P.C., is a "debt collector" as defined in the FDCPA.

12) Defendant Midland Credit Management, Inc, is a "debt collector" as defined in the FDCPA.

**FACTS**

12) The alleged debt owed to FCNB-Spiegel from 2000 was consigned, placed or otherwise transferred to Defendant Midland Funding, LLC, for collection from Plaintiff.

13) That James Perry of Love, Beal & Nixon, P.C., as "debt collector" on behalf of Midland Funding, LLC, made numerous harassing calls to Plaintiff demanding payment of a debt. On each occasion, Plaintiff informed that she had never owed a debt to FCNB-Spiegel or Midland Funding, LLC, and demanded verification of the debt and/or some document that she had allegedly signed. No verification of the debt was provided.

14) Defendant Love, Beal & Nixon, P.C., failed to verify the validity of the debt, and Love, Beal & Nixon, P.C., was aware the claim was already time barred by the statute of limitations, even if there had been a valid claim.

15) On May 20, 2008, Defendant Midland Funding, LLC, filed an action styled *Midland Funding, LLC, vs. Kathleen G. Musgrove,* Pottawatomie County, Oklahoma No. CS-08-751. The Defendant stated in Paragraph 1 of its Petition that if Kathleen Musgrove disputed the debt or any portion thereof that the law firm of Love, Beal & Nixon, P.C., would obtain verification of the debt and mail a copy of the verification to Kathleen Musgrove. On May 24, 2008, Plaintiff Kathleen Musgrove was served with the Petition

16) On May 27, 2008, Plaintiff Kathleen Musgrove requested "Verification Of The Debt" stating specifically that she never had a Spiegel charge account and specifically asked for copies of the application for the account as well as charge tickets that she had allegedly signed to prove she was not indebted to Defendant Midland Funding, LLC. Defendant Love, Beal & Nixon, P.C., failed and refused to provide verification of the debt.

17) Plaintiff Kathleen Musgrove contacted Defendant Love, Beal & Nixon, P.C., On four (4) separate occasions asking for verification of the debt, but none has been forthcoming.

18) Defendants' continued to refuse to provide verification of the alleged debt to Plaintiff and instead Defendant Love, Beal & Nixon, P.C., filed its Motion For Summary Judgment on the time-barred debt. At the hearing of the Motion For Summary Judgment, Plaintiff appeared *pro se.* The Court of Pottawatomie County continued the hearing and ordered Kathleen Musgrove to seek representation of counsel regarding the time-barred debt and the failure to Defendant to provide verification of the debt.

19) During the next several months, counsel for Plaintiff filed discovery requests in an attempt to obtain copies of the alleged application and charge tickets that was the basis of the district court case against Plaintiff Kathleen Musgrove. Receiving no response, Plaintiff's counsel filed a Motion to Compel. No responses were received. Counsel for Plaintiff then filed Motion for Sanctions against Defendant Love, Beal & Nixon, P.C., and Midland Funding, LLC, in an attempt to obtain any documentation to substantiate the basis for their lawsuit against Plaintiff. On November 21, 2008, Defendant Love Beal & Nixon, P.C., filed its Motion For Summary Judgment when in fact there was no documentation upon which to base suit and failed to verify debt in violation of the Fair Debt Collection Practices Act. On May 14, 2009, prior to the hearing of the Motion for Sanctions against them, Defendant Love, Beal & Nixon, P.C., acting as attorney for Defendant Midland Funding, LLC, filed a Dismissal without Prejudice against Plaintiff Kathleen Musgrove without producing one piece of paper that would validate the alleged debt they claimed was owed by Plaintiff Kathleen Musgrove.

20) Defendant Midland Funding, LLC, failed to properly validate the alleged debt and proceeded with litigation against Plaintiff without properly validating the alleged debt. Defendant Midland Funding, LLC, initiated litigation for the purpose of harassment, abuse and/or has made false or misleading representations in regard to collection of the debt. Defendant Love, Beal & Nixon, LLC, fails to verify that there was a reasonable basis for filing this suit, in violation of 12 O.s. §2011. Through abuse of process and malicious prosecution Defendants caused Plaintiff Kathleen Musgrove damages in excess of $10,000.00.

21) On or about August 30, 2009, Defendant Midland Credit Management, Inc,

sent a demand letter to Plaintiff, (Exhibit 1) stating she owed $4,176.10 on an account from FCNB-SPIEGEL. This communication was the first communication between Defendant Midland Credit Management, Inc. and Plaintiff. The communication did not contain, nor did any subsequent communication contain the notices required under 15 U.S.C. §1692(g).

22)   Defendant, Midland Credit Management, Inc, and Defendant Midland Funding, LLC are subsidiaries of Encore Capital Group, Inc.

Plaintiff Musgrove again requested "Verification of the Debt" as required by the Fair Debt Collection Procedures Act. Defendant again failed and refused to provide verification for the debt.

## FIRST CAUSE OF ACTION
### (Violations of Fair Debt Collections Practices Act for Attempting to Collect a Debt Tolled by Statute of Limitations)

23)   Plaintiff incorporates Paragraphs 1 through 22. This count is against both Defendants.

24)   The filing and prosecution of alleged time-barred lawsuits is both a deceptive collection practice, in violation of 15 U.S.C. §§1692(e), 1692(e)(2), 1692(e)(5) and 1692 (e)(10), and an unfair collection practice, in violation of 15 U.S.C. §1692(f).

Section 1692(e) provides:

**§1692(e).  False or misleading information.**

**A debt collector may not use any false, deceptive or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section.**

**2)   The false representation of the character, amount or legal status of any debt;**

> 5) The threat to take any action that cannot legally be taken or that is not intended to be taken;
>
> 10) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

Section 1692(f) provides:

§1692(f) provides:

A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt . . .

### SECOND CAUSE OF ACTION
### (Violations of Fair Debt Collections Practices Act for Failing to Properly Validate Debt and Proceeding with Litigation without Validation)

25) Plaintiff repeats and realleges and incorporates by reference the foregoing paragraphs 1 through 24.

26) Defendant Love, Beal & Nixon, P.C., violated 15 U.S.C. §1692g by failing to validate the debt and cease communications with Plaintiff once Plaintiff disputed the alleged debt.

27) As a result of the above violations of the FDCPA, the Defendants are liable to Plaintiff for declaratory judgment that Defendants' actions violated the FDCPA, and for Plaintiff's actual damages, statutory damages, and costs and attorney's fees, and such further relief as the Court Deems just and equitable.

### THIRD CAUSE OF ACTION
### (Violations of Fair Debt Collections Practices Act by Collecting Debts in a Manner Designed to Harass or Abuse)

28) Plaintiff repeats and realleges and incorporates by reference the foregoing

paragraphs 1 through 27.

29) Defendants' conduct and communications with Plaintiff in the collection of the debt allegedly owed by Plaintiff were extreme and outrageous and intended by the Defendant to humiliate, embarrass, scare and worry the Plaintiff and a violation of 15 U.S.C. §1692d.

30) As a result of the Defendants' outrageous conduct in the collection of the alleged debt, the Defendants are liable to Plaintiff for actual damages, exemplary damages, costs and a reasonable attorney's fee and such further relief as the Court deems just and equitable.

### FOURTH CAUSE OF ACTION
### (Violations of Fair Debt Collections Practices Act for Using False, Deceptive or Misleading Representations)

31) Plaintiff repeats and realleges and incorporates by reference the foregoing Paragraphs 1 through 30.

32) Defendants have violated 15 U.S.C. §1692(e) by using false, deceptive or misleading representations or means in the collection of debts.

33) As a result of the Defendants' outrageous conduct in the collection of a debt, the Defendants are liable to Plaintiff for actual damages, exemplary damages, costs and a reasonable attorney's fee and such further relief as the Court deems just and equitable.

### FIFTH CAUSE OF ACTION
### *(Violation of 15 U.S.C. §1692(g))*

34) Plaintiff repeats and realleges and incorporates by reference the foregoing paragraphs 1 through 33.

35) Defendant Midland Credit Management, Inc. Has violated 15 U.S.C.

§1692(g) by failing to provide, Plaintiff, within the five day statutorily prescribed time, with the required notice of debt including: 1) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector; 2) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and 3) a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

36) As a result of this action, Defendant, Midland Credit Management, Inc. is liable to Plaintiff for statutory damages and attorney's fees.

## SIXTH CAUSE OF ACTION
## (Violation of 15 U.S.C. §1692(b)(6)

37) The Plaintiff repeats and realleges and incorporates by reference the foregoing Paragraphs 1 through 36.

38) Defendant Midland Credit Management, Inc. and Defendant Midland Funding, LLC. are both subsidiaries of Encore Capital Group, Inc. Both subsidiaries engage in debt collection for Encore Capital Group, Inc. Plaintiff was represented by Attorney Kermit Milburn in the defense of her suit brought by Midland Funding, LLC to collect on the debt allegedly owed to FCNB-SPIEGEL.

39) After Midland Funding LLC. was forced to dismiss their court case regarding the debt allegedly owed to FCNB-SPIEGEL, Defendant Midland Credit

Management, Inc. contacted plaintiff directly regarding the very same debt without first contacting or attempting to contact her attorney, Kermit Milburn in violation of 15 U.S.C. §1692(b)(6). As a result of this action, Defendant Midland Credit Management, Inc. and Defendant Encore Capitol Group, Inc., are liable to Plaintiff for statutory damages and attorney's fees.

### SEVENTH CAUSE OF ACTION
### (Class Allegations)

40) Plaintiff repeats and realleges and incorporates by reference the foregoing Paragraphs 1 through 39.

41) Plaintiff brings this claim on behalf of a class pursuant to Fed.R.Civ.P.23(a) and 23(b)(3).

42) The class consists of all individuals against whom Defendant Midland Funding, LLC, and Defendant Love, Beal & Nixon, P.C., filed a lawsuit in Oklahoma to collect an alleged debt where the later of the "date of delinquency" or "date of last payment", according to the records of Defendant Midland Funding, LLC, was more than five years prior to the filing or those individuals who never had an account to be collected and Defendant Midland Funding, LLC, pursued same without validation.

43) The class is so numerous that joinder of all members is not practicable.

44) On information and belief, there are more than 50 individuals in the class as set out above.

45) There are questions of law and fact common to the class members, which common questions predominate over any questions relating to individual class members. The predominant common questions are whether Defendant Midland Funding, LLC,

engages in a practice of time-barred complaints, litigates those cases where the debt cannot be validated and whether such practices violate the FDCPA.

46)   Plaintiff's claim is typical of the claims of the class members. All are based on same factual and legal theories.

47)   Plaintiff will fairly and adequately represent the class members. Plaintiff has retained counsel experienced in FDCPA litigation.

48)   A class action is superior for the fair and efficient adjudication of this matter in that:

    a)   individual actions are not economically feasible;

    b)   members of the class are likely to be unaware of their rights;

    c)   Congress intended class actions to be the principal enforcement mechanism under the FDCPA.

WHEREFORE, the Court should enter judgment in favor of Plaintiff and the class and against Defendants Midland Funding, LLC, Midland Credit Management, Inc., James Perry, Love, Beal & Nixon, P.C., and Encore Capital Group, Inc. for:

    a)   actual damages;

    b)   statutory damages;

    c)   attorney's fees, litigation expenses and costs of suit;

    d)   such other and further relief as the Court deems proper.

/s/ Kermit M. Milburn
Kermit M. Milburn, OBA #10586
KERMIT M. MILBURN, PLLC
1507 N. Shawnee
Shawnee, OK 74804-4163
(405) 275-2551
kermit@milburn-law.com

Attorney for Plaintiff

Attorney's Lien Claimed